LEE LASH CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6190.   Promulgated February 18, 1927.

Amount deductible for compensation to salesmen employed upon a commission basis determined.

*Ferdinand Tannenbaum, Esq.,* for the petitioner.
*Joseph K. Moyer, Esq.,* for the respondent.

Petitioner appeals from the determination by the Commissioner of deficiencies in income and profits taxes of $730.91 and $12,647.48 for the fiscal years ended August 31, 1919, and August 31, 1920, respectively, and from a determination that there should be assessed 25 per cent of the additional tax for the fiscal year 1920 because of delinquency in filing a return for that year. The deficiency for 1919 results from certain adjustments made by the Commissioner which are not questioned; the petitioner alleging that errors were made to its prejudice in its original return in computing the proper deductions for salesmen's commissions, which errors were not corrected in computing the deficiency. The petitioner alleges that the Commissioner erred in the determination of the amounts deductible as salaries or other compensation to employees for services rendered in 1920, and in imposing a penalty for the fiscal year 1920 for failure to file a return. No evidence was offered upon the latter issue, petitioner contending that no tax was due and that the penalty would fall with the tax.

### FINDINGS OF FACT.

The petitioner is a New York corporation with its principal office in Mt. Vernon. It is engaged in the business of manufacturing and leasing theatre curtains. It obtains contracts from theatres for the right to hang curtains therein, for which right it pays a consideration. It then sells the advertising space thereon. Its income is derived mainly from the rentals received from such advertising.

For the purpose of securing advertisements and placing its curtains in theatres, vaudeville and moving picture houses, it employs salesmen on a commission basis. During the years in question the salesmen were employed under oral contracts and in most cases were allowed drawing accounts against which were charged the commissions earned. In most cases the commission was 20 per cent of the business accepted by the petitioner, although in some instances the commission was a smaller amount. In most cases the commission became due and payable to the salesmen at the time the business was accepted by the petitioner, regardless of the time of payment. In some cases where contracts were canceled, the commission was charged back against the account of the employee. In the case of certain other business no commission was payable to the salesmen until collection had been made from the advertiser. One or two salesmen were employed upon a salary basis. The salesmen changed from time to time. During the fiscal years 1919 and 1920, petitioner had in its employ from twenty-five to thirty salesmen.

The books of the petitioner were kept mainly upon the accrual basis. In the case of payments to the salesmen only amounts paid

to them were entered in the expense account or in profit and loss for the year.

Contracts for advertising space upon curtains were frequently for a period of more than one year. During the fiscal year 1919 the petitioner accepted contracts for advertising to be performed as follows:

In the fiscal year 1919_____ $36,394.50
In the fiscal year 1920_____ 148,377.36
In the fiscal year 1921_____ 22,184.86

During the fiscal year 1919 there became due to salesmen as commissions upon such business $38,259.76. During that year there was paid to salesmen on account of commissions and drawing account $39,422.33. In the same year some of the salesmen left the employ of the company, their accounts being overdrawn by $3,885.35, such overdrafts representing the amount of the drawing account in excess of commissions earned.

During the fiscal year 1920 the petitioner accepted contracts for advertising to be performed as follows:

In the fiscal year 1920_____ $69,183.75
In the fiscal year 1921_____ 209,138.25
In the fiscal year 1922_____ 46,754.25

Upon account of such business the commissions earned by the salesmen amounted to $61,478.30. During the fiscal year the amount paid to salesmen upon account of drawing account and commissions was $76,420.57. The amount overdrawn by salesmen who left the employ of the corporation in the year 1920 was $6,521.88.

It was the custom of the petitioner each year before closing its books to make an entry crediting an account known as "Advance Commissions" and debiting profit and loss with an amount equal to 25 per cent of the business under contract to be performed in the following years. Such amount was thereupon set up as an asset in the balance sheet as "Advance Commissions," being in the nature of a deferred charge. This amount was written off the books by contra entries on the first day of the succeeding fiscal year. The amounts so credited to profit and loss were as follows:

August 31, 1918_____ $33,231.31
August 31, 1919_____ 47,248.03
August 31, 1920_____ 78,242.78

The income reported by the petitioner upon its return for 1919 was the amount shown in its profit and loss account, after adjustment for dividends paid and non-taxable items. The amount deducted as commissions of the salesmen was the sum of the cash payments, and the amount of so-called advance commissions at the beginning of the year, less the advance commissions at the end of the year.

In this manner there was deducted, as commissions paid to employees for 1919, $25,405.61. This amount has been used by the Commissioner in computing the deficiency.

The petitioner filed no return for 1920. In computing the deficiency the Commissioner has accepted the profit and loss account of the petitioner as the basis for his computations, making certain adjustments therein which do not affect the amount of commissions paid as reflected in the account. There has therefore been deducted as such commissions the amount actually paid as set out above, increased by the amount of the so-called advance commissions at the beginning of the year and decreased by the amount of the advance commissions at the end of the year, or $45,425.82.

### OPINION.

PHILLIPS: The accounts of the petitioner with respect to commissions earned and paid to its salesmen are kept in a manner which is very confusing, so far as the determination of its true income for tax purposes is concerned. In other respects it appears to keep its books upon a proper accrual basis.

· The return filed by the petitioner for the fiscal year 1919 is based upon its progress as shown in its profit and loss account, no surplus account being kept. During that fiscal year this account shows a decrease in undivided profits of $13,312.27. It also indicates that during the year dividends of $17,748 were paid, leaving a net profit, as shown by that account, of $4,435.73, which was the income reported, certain adjustments being made for non-taxable income.

This account, however, does not reflect the true profit of the corporation for income tax purposes. At the close of each taxable year there has been added to the profit an amount equal to 25 per cent of the outstanding unfulfilled contracts for advertising, which amount has been deducted on the first day of the following fiscal year. This amount was set up each year upon the balance sheet of the corporation as an asset, being in the nature of a valuation of the contracts then on hand. For income tax purposes it has no proper place in either the profit and loss statement or in the balance sheet. It further appears that, while all other accounts were kept upon an accrual basis, salaries and commissions paid for personal services were entered in the profit and loss account only as they were paid and not as they were earned. It appears therefore that for the two taxable years involved the commissions as entered in the profit and loss account were as follows:

For the fiscal year 1919.

| | |
|---|---:|
| Advance Commissions deducted Sept. 1, 1918_____ | $33, 231. 31 |
| Amounts paid to salesmen_____ | 39, 422. 33 |
| | 72, 653. 64 |
| Less advance commissions credited to profit and loss Aug. 31, 1919_____ | 47,248. 03 |
| Amount of commissions as reflected in profit and loss account in the return_____ | 25, 405. 61 |

For the fiscal year 1920.

| | |
|---|---:|
| Advance commissions charged to profit and loss account Sept. 1, 1919_____ | $47, 248. 03 |
| Commissions paid during year_____ | 76, 420. 57 |
| | 123, 668. 60 |
| Less advance commissions credited to profit and loss Aug. 31, 1920 _____ | 78, 242. 78 |
| Amount of commissions as reflected in profit and loss account_____ | 45, 425. 82 |

These amounts were used by the Commissioner without change in computing the deficiency.

The testimony establishes that the amounts earned by the salesmen which became due and payable to them during those years were as follows:

| | |
|---|---:|
| 1919 _____ | $38, 259. 76 |
| 1920_____ | 61, 478. 30 |

The taxable income should therefore be reduced in each of the taxable years by the difference between the amount earned by the salesmen and the amount deducted in computing the deficiency, as set out above.

In each of these years there were salesmen who left the employ of the company and who had received by way of drawing account amounts in excess of the commissions earned. It is the contention of the petitioner that it is entitled to deduct such amounts. Counsel in his brief cites several New York cases to the general effect that, in the absence of an agreement for repayment, such amounts may not be recovered from salesmen on a drawing account, but there is nothing in the record from which we may determine whether or not these salesmen were under obligation to repay to the corporation the excess amount of the drawings and, if so, whether such amount could have been collected.

The Commissioner determined that there should be assessed a penalty of 25 per cent of the tax for 1920 for failure to file a return for that year. There was no defense by the petitioner other than its contention that there was no tax due and consequently no

penalty. In the recomputation of the deficiency, there should be added the penalty of 25 per cent of the tax liability, if any.

*Decision will be entered on 15 days' notice, under Rule 50.*